780 So.2d 593 (2001)
WAFFLE HOUSE, INC.
v.
CORPORATE PROPERTIES, LTD., Formerly Doing Business as Corporate Inn Ltd.
No. 1999 CA 2906.
Court of Appeal of Louisiana, First Circuit.
February 16, 2001.
Rehearing Denied April 2, 2001.
*594 F. Scott Kaiser, Baton Rouge, Counsel for Plaintiff/Appellee, Waffle House, Inc.
Arthur Andrews, Baton Rouge, Counsel for Defendant/Appellant, Corporate Properties, Ltd.
Before: WHIPPLE, KUHN and DOWNING, JJ.
DOWNING, J.
The issues raised here involve principles of agency, particularly the issue of apparent authority. Corporate Properties, Ltd. (hereafter, "Corporate Properties"), the Appellant herein, asserts that Waffle House, Inc. (hereafter, "Waffle House"), was the agent of Miller Properties, Ltd. (hereafter, "Miller Properties") for the payment of rents when Waffle House made certain payments to Corporate Properties by mistake. For reasons stated herein, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY
Corporate Properties leases property to Miller Properties in Baton Rouge where Miller Properties operates a Waffle House franchise. Waffle House brought suit against Corporate Properties for the return of certain payments paid in error to Corporate Properties from July 15, 1994 through August 30, 1995 for a total sum of $26,913.45. Corporate Properties acknowledged an overpayment had been made and entered into the Registry of the Court the sum of $13,416.89. Corporate *595 Properties disputed that the remaining balance was due on grounds that Corporate Properties had settled a dispute with Miller Properties over rents due as of January 1, 1995 and that Waffle House's mistaken payments were considered when Corporate Properties agreed to settle for the amounts it did.[1] Accordingly, Corporate Properties filed an exception of res judicata asserting that Waffle House was bound by the settlement agreement between Corporate Properties and Miller Properties. This exception was overruled. Corporate Properties then filed a third party demand against Miller Properties seeking to have set aside the settlement agreement on grounds of mistake. The trial court dismissed this third party demand.
After a trial on the merits, the district court rendered judgment in favor of Waffle House against Corporate Properties. Corporate Properties then filed this appeal arguing that Waffle House is Miller Properties' agent for payment of rent and that Waffle House is, therefore, not entitled to reimbursement for the sums mistakenly paid prior to January 1, 1995.
Corporate Properties specifies two assignments of error:
1. The trial court erred, as a matter of law, in failing to find that Waffle House, Inc. was the mandatary/agent of Miller Properties, Ltd. for the payment of rent and thus bound by the terms of the previous settlement agreement between Miller Properties, Ltd. and Corporate Properties, Ltd. and was thus entitled to judgment.
2. The Court erred in excluding the testimony of Frank Miller on the grounds that the testimony was not relevant to the issues presented at the trial of the primary demand.

DISCUSSION
It is undisputed that Waffle House provides a bookkeeping service for Miller Properties and does pay Miller Properties' rents. Waffle House is, therefore, Miller Properties' mandatary for at least this limited purpose. Louisiana Civil Code art. 2985 (1995) as effective at the time of the events in issue provided that a mandate is an act by one person that gives a power to another to transact for him and in his name, one or several affairs.
It is also undisputed that Waffle House's mistaken payments were meant to apply to another Waffle House franchise owned and operated by Miller Properties in Prairieville, Louisiana in which Corporate Properties has no interest.

Assignment of Error No. 2
It is necessary to consider Corporate Properties' second assignment of error first. Corporate Properties argues that the trial court erred in failing to admit the testimony of Frank Miller as lacking relevancy to the proceedings below. Particularly, Corporate Properties argues that the testimony of Frank Miller tends to prove the agency relationship between Waffle House and Miller Properties, thereby establishing Corporate Properties' affirmative defense. The trial court refused to allow this testimony into evidence because it had tacitly ruled previously on Corporate Properties' peremptory exception of res judicta[2] that Waffle House was not *596 Miller Properties' agent. Corporate Properties then made a proffer of evidence on this issue which was filed into the record.
Considering the "law of the case" principle, we find no error on the part of the trial court in failing to consider the proffered testimony. In Louisiana Land and Exploration Co. v. Verdin, 95-2579, pp. 3-4 (La.App. 1st Cir.9/27/96), 681 So.2d 63, 65, writ denied, 96-2629 (La.12/13/96), 692 So.2d 1067, cert. denied, 520 U.S. 1212, 117 S.Ct. 1696, 137 L.Ed.2d 822 (1997), this Court explained as follows:
The law of the case principle is a discretionary guide which relates to (a) the binding force of a trial judge's ruling during the later stages of trial, (b) the conclusive effects of appellate rulings at trial on remand, and (c) the rule that an appellate court ordinarily will not reconsider its own rulings of law on a subsequent appeal in the same case.... Reargument in the same case of a previously decided point will be barred where there is simply a doubt as to the correctness of the earlier ruling. However, the law of the case principle is not applied in cases of palpable error or where, if the law of the case were applied, manifest injustice would occur. (Citation omitted.)
The reasons for the "law of the case" doctrine is to avoid relitigation of the same issue; to promote consistency of result in the same litigation; and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. Day v. Campbell-Grosjean Roofing and Sheet Metal Corp., 260 La. 325, 256 So.2d 105 (1971).
Applying these precepts, the Court has reviewed the proffered testimony and finds no palpable error and no manifest injustice by the exclusion of this testimony. The proffered testimony fails to show any representations of authority giving Waffle House power to make excess, unauthorized payments. The testimony also fails to disclose any detrimental reliance by Corporate Properties. Under the "law of the case" principle, there was no error when the trial court precluded re-litigation of the issue of agency that had been properly raised, tried and argued.

Assignment of Error No. 1
Corporate Properties argues that Waffle House is Miller Properties' agent for payment of rents, performing virtually all of Miller Properties' accounting services and bookkeeping. Therefore, Corporate Properties argues Waffle House should be bound by the settlement agreement between Corporate Properties and Miller Properties. Corporate Properties argues that Waffle House cannot recover any money mistakenly paid prior to the effective date of the settlement agreement. In making this assertion, Corporate Properties cites no specific grant of authority or mandate. It also makes no reference to apparent authority. Rather, Corporate Properties asserts that this court should apply common law principles of agency pursuant to the Woodlawn Park, Ltd. Partnership v. Doster Construction Co., 623 So.2d 645, 648 (La.1993) where the Louisiana Supreme Court stated, "We restate approval of the use of common law agency notions in commercial transactions."
Unlike the pertinent issue in Woodlawn Park (liability of undisclosed principals for their agents' acts), Louisiana's law concerning apparent authority appears to have been well developed at the time of the mistaken payments at issue.[3] It is *597 therefore appropriate to examine the issues here according to Louisiana law and jurisprudence.
A mandate to pay bills does not inherently, or by any tradition or custom, carry with it the power to pay sums by mistake that are not yet due. Since no express authority has been alleged, this court looks to see if liability can be imposed on a theory of apparent authority. In Tedesco v. Gentry Development, Inc., 540 So.2d 960, 963 (La.1989), the Louisiana Supreme Court discussed at length the meaning of apparent authority and the competing concepts in Louisiana of common law apparent authority and the then prevailing view in Louisiana of agency by estoppel. The Tedesco court explained apparent authority as follows:
Apparent authority is a doctrine by which an agent is empowered to bind his principal in a transaction with a third person when the principal has made a manifestation to the third person, or to the community of which the third person is a member, that the agent is authorized to engage in the particular transaction, although the principal has not actually delegated this authority to the agent.... Further, apparent authority operates only when it is reasonable for the third person to believe the agent is authorized and the third person actually believes this.

Tedesco, 540 So.2d at 963. (emphasis added).
In Independent Fire Insurance Co. v. Able Moving and Storage Co., Inc., 94-1982, p. 6, (La.2/20/95), 650 So.2d 750, 752, the Louisiana Supreme Court further discussed the principle of apparent authority, as applicable prior to adoption of Acts 1997, No. 261, noting:
Apparent authority is an estoppel principle which operates in favor of third persons seeking to bind a principal for unauthorized acts of an agent. When the apparent scope of an agent's authority, the indicia of authority, is relied upon by innocent third parties to their detriment, the principal is liable.
The Louisiana Supreme Court has also provided guidance in Boulos v. Morrison, 503 So.2d 1, 3 (La.1987):
The burden of proving apparent authority is on the party relying on the mandate. (Citation omitted.) A third party seeking to benefit from the doctrine of apparent authority may not blindly rely upon the assertions of an agent. He has a duty to inquire into the nature and extent of the agent's power. (Citation omitted.)
Corporate Properties makes no showing from the record where Miller Properties made any representation or manifestation that would lead Corporate Properties to believe Waffle House had any authority to misdirect payments. Nor has it made any showing that it inquired into the nature and extent of Waffle House's authority. Nor has it made any showing that it relied to its detriment on any manifestation of authority. In fact, none of the parties realized the mistaken payments were made until after the settlement agreement between Corporate Properties and Miller Properties became effective. The authority to pay bills including rents due does not inherently communicate an authority to act independently on behalf of the one for whom the service is being performed, nor does it show reliance thereon. While we have concluded that Waffle House was Miller Properties' agent for payment of rent, Corporate Properties has failed to prove that Waffle House had any authority, express or apparent, to misdirect payments. Considering Corporate Properties' argument and apparent misunderstanding that an agency or mandate for a limited purpose creates apparent authority for all purposes, the trial court was not manifestly erroneous in concluding that Waffle House was not Miller Properties' *598 agent for payment of rents, thus bound by a settlement to which it was not a party.
Corporate Properties argues that this Court should adopt common law agency principles to decide the matter of Waffle House's apparent authority. For reasons stated above, we decline to do so. Even so, this court is aware that the several common law jurisdictions interpret common law principles differently. Further, as a very general statement of common law,
[w]here an agent under mistake of fact, pays to a third person money in his possession belonging to his principal, the third person is liable to the agent for its repayment...., and the right to recover from the one to whom the money has been paid is the only mode in which he can indemnify himself against the rightful claim of his principal who is not bound to pursue such third person. 3 C.J.S. Agency § 388 (1973). See also 3 Am.Jur.2d Agency § 314 (1986).
This Court concludes the trial court committed no error in finding that the Waffle House was not bound by the settlement agreement between Corporate Properties and Miller Properties. Corporate Properties has failed to prove that Waffle House had any express or apparent authority to pay excess amounts of rent under the limited mandate between Miller Properties and Waffle House.

CONCLUSION
For the above and foregoing reasons, the April 30, 1999 judgment of the trial court is affirmed. Costs are hereby assessed against defendant/appellant, Corporate Properties, Ltd.
AFFIRMED.
WHIPPLE and KUHN, JJ., concur.
NOTES
[1] By agreement effective January 1, 1995, Miller Properties and Corporate Properties settled a lawsuit over disputed rents. As part of that settlement, the parties agreed that all rents were current and that sales figures would be certified according to the subject lease terms. At the time of the settlement, however, both Miller Properties and Corporate Properties were unaware that Waffle House was misdirecting the disputed monthly payments to Corporate Properties rather than to Miller Properties.
[2] In that exception, Corporate Properties had raised the alleged agency relationship between Waffle House and Miller Properties as the basis for a finding of res judicata. The trial court ruled that the settlement agreement between Corporate Properties and Miller Properties was not res judicata against Waffle House despite Corporate Properties' assertions of agency because Waffle House was not a party to the prior suit or settlement and because the claim at issue here did not arise from the same facts or circumstances as the one settled.
[3] Subsequently, Acts 1997, No. 261, effective Jan. 1, 1998, La.C.C. Art. 3021 was enacted to specifically provide: "One who causes a third person to believe that another person is his mandatary is bound to the third person who in good faith contracts with the putative mandatary."