868 So.2d 91 (2003)
Leisa S. TRESCH, Sidney Tresch, and James W. Shepard
v.
Dana Drago KILGORE, Kathleen T. Lavigne, and Gary Lavigne d/b/a Home Spec.
No. 2003 CA 0035.
Court of Appeal of Louisiana, First Circuit.
November 7, 2003.
*92 Robert A. Barnett, New Orleans, Counsel for Plaintiffs Leisa S. & Sidney Tresch & James Shepard.
James B. Doyle, Lake Charles, Counsel for Defendants/Appellants Kathleen & Gary Lavigne d/b/a Home Spec.
Dana M. Douglas, New Orleans, Counsel for Defendant/Appellee Dana Drago Kilgore.
Before: PETTIGREW, DOWNING and McCLENDON, JJ.
DOWNING, J.
A home inspection company appeals a judgment denying its dilatory exception of prematurity based on the homebuyers' refusal to submit to arbitration before bringing this action. The issue on this appeal is whether a real estate agent's signature on a home inspection contract bound the buyer, on agency principles, to the terms of the written home inspection agreement. The trial court found that it did not. For the following reasons, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY
On February 8, 2002, Leisa Shephard Tresch, her husband, Sidney Tresch, and her father, James Shephard (hereinafter, Plaintiffs), filed suit for damages and redhibition against Dana Kilgore for failing to disclose certain defects in a home they purchased from Kilgore on February 27, 2001. Plaintiffs also sued the home inspection service owners, Gary and Kathleen Lavigne, d/b/a Home Spec (hereinafter, Home Spec), in both negligence and contract for failing to detect these defects. Home Spec filed a dilatory exception raising the objection of prematurity, alleging that Plaintiffs were bound to an arbitration clause as prescribed in an agreement signed on February 1, 2001, by Plaintiffs' real estate agent, Janna Palmer. At a hearing on April 30, 2002, Palmer testified that Leisa Tresch gave her permission to sign her name to the Home Spec contract. Tresch denied she gave such authority. The trial court denied the exception, and on May 30, 2002, judgment was signed. Home Spec appealed, alleging that the trial court erred in failing to recognize its right to mandatory arbitration and in failing to stay the proceedings accordingly.

HOME INSPECTION AGREEMENT
The document at issue, entitled Agreement for Home Inspection Service, provides in pertinent part the following:
Any dispute, controversy, interpretation or claim including claims for, but not limited to, breach of contract, any form of negligence, fraud or misrepresentation arising out of, from or related to this contract or arising out of the inspection and inspection report shall be submitted to final and binding arbitration under the Rules and Procedures of the Expedited Arbitration of Home Inspection disputes of Construction Arbitration Services, Inc. The decision of the Arbitrator appointed thereunder shall be final and binding and judgement on *93 the Award may be entered in any Court of competent jurisdiction.

CAUSES OF ACTION
Plaintiffs' petition provides, in pertinent part, that Home Spec is liable for all damages sought; that Plaintiffs retained the services of Home Spec to inspect the premises before the Act of Sale; that Home Spec inspected the premises on more than one occasion and should have seen the deficiencies; that Home Spec warranted the fitness and soundness of the premises; that Plaintiffs relied on these representations to their detriment; and, that but for the misleading statements and undisclosed problems, Plaintiffs would not have purchased the property.

DISCUSSION
Home Spec contends that Plaintiffs are not entitled to judicial relief because, by entering into the arbitration agreement, they bound themselves to submit any claim arising from deficiencies in the inspection, to arbitration. Home Spec contends it performed a visual inspection of the property on February 1, 2001. After the inspection an agreement specifying the terms of the contract was signed between Gary Lavigne, Home Spec's owner and Janna Palmer, the Plaintiffs' real estate agent. Home Spec argues that Palmer was working as Plaintiffs' real estate agent and it believed she had authority to sign the home inspection agreement as Plaintiff's mandatary.
The defense of prematurity may be raised by the dilatory exception pleading the objection of prematurity. La. C.C.P. art. 926(1). The function of the exception is to permit a defendant to raise the issue that the judicial cause of action has not come into existence because some prerequisite condition has not been fulfilled. Ciaccio v. Cazayoux, 519 So.2d 799, 804 (La.App. 1 Cir.1987). When the issue of an arbitration clause is raised by the exception pleading the objection of prematurity, the defendant pleading the exception has the burden of showing the existence of a valid contract to arbitrate. Ciaccio, 519 So.2d at 804. Thus, before we can decide if Plaintiffs' action is premature, we must first determine if Home Spec met its burden of proving that a valid written contract exists between Plaintiffs and Home Spec.
Generally, ordinary contract principles govern the question of who is bound by an arbitration agreement, and a party cannot be required to submit to arbitration any dispute that he has not agreed to submit. La. R.S. 9:4201-9:4217, 9:4230-9:4236 and Ciaccio, 519 So.2d at 804.
Home Spec argues that while Plaintiffs could have signed the contract themselves, they chose to direct their mandatary to do so instead. Home Spec's argument is basically two fold. First, it argues that Plaintiffs gave their real estate agent the express authority to sign the inspection agreement. Secondly, Home Spec also argues that if there was no express authority, Palmer, as Plaintiff's real estate agent, had apparent authority to sign the contract.
Home Spec uses Palmer's own testimony in support of the argument that Palmer had express authority to bind Plaintiffs. Palmer testified that she and Leisa Tresch were present at the time Lavigne was inspecting the house. Palmer testified that after the inspection was complete, Tresch had a coughing attack and went home before the contract was signed. Palmer testified that Tresch specifically instructed Palmer to sign on her behalf. Palmer testified that when Tresch gave her verbal permission to sign the document, she believed she had the right to do so since she was her real estate agent. *94 There is no evidence that the inspector heard Tresch tell Palmer to sign the document. Thus, only Palmer and Tresch were privy to this alleged conversation.
Here, it is uncontested that Plaintiffs did not sign the agreement with Home Spec. Tresch testified that she did not give Palmer the authority to sign the contract. Tresch's testimony directly disputes most of Palmer's assertions. Tresch testified that she had never been given a copy of the contract or that she had ever seen the document until after the lawsuit was filed. This testimony was undisputed. Tresch did confirm that she was present during the entire inspection, and undisputedly authorized the work, but she contradicts Palmer's statement that she became too ill to sign the contract. Tresch also pointed out that even if that scenario were true, she only lived a few houses down from the home being inspected and her signature could have easily been obtained. Tresch and Palmer both denied that a custom was established giving Palmer authority to sign on her behalf.
The trial court did not find Palmer's testimony sufficiently persuasive and determined that Home Spec did not meet its burden of proving that Palmer was given express authority to sign the contract. The trial court, therefore, found Home Spec did not prove that Palmer had express authority to sign the home inspection agreement for Plaintiffs. The trial court concluded that since both sides agreed that Plaintiffs did not sign the document and both sides denied a custom had been established allowing the realtor to sign on their behalf, "its a tie" and defendant loses.[1] In other words, Home Spec did not prove, more probably than not, that Tresch gave express authority to have Palmer sign on her behalf.
When the fact finders findings are reasonable in light of the entire record, an appellate court may not reverse a choice between two permissible views of the evidence. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). The record reflects that Home Spec did not set forth any facts to establish that Palmer had the express authority to sign for Plaintiffs. And the trial court's determination was not in error.
Home Spec next argues that Palmer, as Plaintiff's real estate agent, had the apparent authority to sign on their behalf. Home Spec argues that apparent authority exists as to a third party, such as Home Spec, when it is reasonable to believe the agent had the authority to do so and cites Tedesco v. Gentry Dev., Inc., 540 So.2d 960 (La.1989), in support of this proposition.
We recognize that a presumption of arbitrability exists and that any doubts should be resolved in favor of arbitration. Shroyer v. Foster, 01-0385, p. 6 (La.App. 1 Cir. 3/28/02), 814 So.2d 83, 87. However, an agency relationship is never presumed. Barrilleaux v. Franklin Foundation Hospital, 96-0343, p. 7 (La.App. 1 Cir. 11/8/96), 683 So.2d 348, 354. And the burden of proving putative mandate is on the party seeking to bind the principal. See Id.
In 1997, the legislature codified La. Civil Code article 3021 to specifically address putative mandate, as follows:

*95 One who causes a third person to believe that another person is his mandatary is bound to the third person who in good faith, contracts with the putative mandatary.
The pre-1997 judicial understanding of the principles of apparent authority appears analogous.[2] This court explained that apparent authority is a doctrine by which an agent is empowered to bind his principal in a transaction with a third person when the principal has made a manifestation to the third person that the agent is authorized to engage in the particular transaction, although the principal has not actually delegated this authority to the agent. Waffle House, Inc. v. Corporate Properties, Ltd., 99-2906, p. 5 (La.App. 1 Cir. 2/16/01), 780 So.2d 593, 597. The burden of proving apparent authority is on the party relying on the mandate. Id. The third party may not blindly rely upon the assertions of an agent, but has a duty to inquire into the nature and extent of the agent's power. Id.
Home Spec cites no authority and we can find no provision of law in which putative mandate arises by operation of law. Rather, as stated above, an agency relationship is never presumed. Barrilleaux, 96-0343 at p. 7, 683 So.2d at 354. Tresch's mere presence during the inspection but not the contract signing is not enough. In order for the third person to prove a putative mandatary relationship, there must be some manifestations from the principal (Tresch) for the third person (Home Spec) to be put on notice that the mandatary (Palmer) is acting on her behalf. See La. C.C. art. 3021, and Instant Print Centers, Inc. v. Crowley, 01-0336, p. 5 (La.App. 1 Cir. 3/28/02), 814 So.2d 69, 72.
Home Spec offers Palmer's testimony as evidence in support of its claim that Palmer had a putative mandate to bind Plaintiffs in the inspection contract. Palmer testified that she believed she had authority because Tresch was present during the inspection process because Tresch followed the inspector around the house, continuously asking him questions.
Home Spec, however, did not point to any manifestations or statements by Tresch that would cause it to believe that Palmer was given a putative mandate. The only evidence offered was Palmer's self-serving statement that since she was Tresch's real estate agent, she had the authority to bind her. There is no dispute that Plaintiffs hired Home Spec to inspect their prospective purchase. Tresch admitted that she was present when the inspection was performed, but not when Palmer signed the contract. Plaintiffs do dispute, however, that they authorized Palmer to sign the Home Spec contract for them.
The burden of proving putative mandate is on the party seeking to bind the principal. See Barrilleaux, 96-0343 at p. 7, 683 So.2d at 354. And a trial court's determination as to whether a putative mandate exists will not be reversed absent manifest error. Id. We find no error in the trial court's determination that Home Spec did not prove that Palmer had the express authority or the putative mandate to sign its home inspection agreement.
We find no manifest error in trial court's implicit findings that Home Spec failed to prove that Palmer had an express or putative mandate. Therefore, Home Spec failed to prove the existence of a valid written contract between Tresch and Home Spec.[3] Accordingly, the trial court *96 was not manifestly erroneous in denying the exception of prematurity.

DECREE
For the foregoing reasons, we affirm the judgment of the trial court. The costs of this appeal are assessed to Home Spec.
AFFIRMED.
NOTES
[1] The record reflects that a sales agreement was signed on January 27, 2001, where the name Leisa Shepard was placed upon the document. Tresch testified that she did not sign this contract, but gave Palmer express authority to sign on her behalf after Palmer read the entire agreement line by line to her over the telephone. Palmer disputed this testimony.
[2] We do not decide here whether Acts 1997, No. 261 amended or simply restated judicial interpretation of the principles of apparent authority.
[3] We do not address whether any relationship existed between Plaintiffs and Home Spec such that a cause of action against Home Spec would exist, given the finding that no written contract existed between the parties and no agency relationship existed between the purchasers and the real estate agent.