McCLENDON, J.
12An employer seeks review of an Office of Workers’ Compensation’s (OWC) judgment that granted a health care provider’s exception raising the objection of prematurity. For the foregoing reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Rafael Diaz injured his left shoulder in November 2014 in the course and scope of his employment with Southern Framers of Louisiana, L.L.C. On February 10, 2015, Dr. Richard Texada, an orthopedic surgeon, performed rotator cuff surgery to repair Mr. Diaz’s left shoulder. The surgery and all pre-operative procedures were performed in an outpatient setting at Doctor’s Hospital of Slidell d/b/a Sterling Surgical Hospital (“the Hospital”).
The Hospital submitted a bill to Southern Framers’ third-party administrator, Louisiana Homebuilders Association-Self Insured Fund (“the Carrier”) for $33,133.41. On April 20, 2015, the Carrier remitted $8,887.80 to the Hospital, which both Southern Framers and the Carrier “believed represented a reasonable reimbursement for services performed by [the Hospital].”
On April 23, 2015, the Hospital, in accordance with Louisiana Administrative Code Title 40, pt. I, § 5149, filed for administrative review of the Carrier’s alleged underpayment.
Instead of responding in the administrative review filed by the Hospital, on April 24, 2015, Southern Framers and the Carrier (hereinafter collectively “Southern Framers”) filed a “Disputed Claim for Compensation” directly with the OWC alleging that the unpaid portion of the Hospital’s bill was unreasonable. Southern Framers also specifically “demand[ed] reimbursement for overpayment of bill,” with regard to the payment previously submitted. In response, the Hospital filed an answer to the disputed claim for compensation, along with exceptions raising the objections of prematurity, nonconformity of the petition, vagueness or ambiguity, no cause of action, and no right of action.
On July 17, 2015, the OWC heard argument on the Hospital’s exceptions and sustained the exception raising the objection of prematurity. The OWC |sconcluded that Southern Framers failed to follow the administrative remedies outlined in Title 40 of the Louisiana Administrative Code. Specifically, the OWC indicated that “[t]his is an attempt to circumvent the procedure that’s supposed to streamline and make the payments go quicker and faster without going through the hearing process.” In light of its ruling on prematurity, the OWC determined that all other exceptions pled by the Hospital were moot. On July 30, 2015, the OWC signed a judgment dis *1137 missing Southern Framers’ petition without prejudice.
Southern Framers has appealed, asserting the administrative remedy is not available to the employer-payor, but only to the healthcare provider. Therefore, Southern Framers maintains that the OWC committed reversible error'when it dismissed the petition based on Southern Framers’ failure to exhaust administrative remedies.
The Hospital has answered the appeal, requesting that if this court determines that the OWC erred in granting the exception of prematurity, it should consider the Hospital’s remaining exceptions that the OWC denied as moot.
DISCUSSION
The dilatory exception of prematurity is provided in LSA-C.C.P. art. 926. The exception of prematurity questions whether the cause of action has matured to the point where it is ripe for judicial determination. Williamson v. Hospital Service Dist. No. 1 of Jefferson, 04-0451 (La.12/1/04), 888 So.2d 782, 785. An action will be deemed premature when it is brought before the right to. enforce it has accrued. LSA-C.C.P. art. 423. The exception raising the objection of prematurity is generally utilized in cases where the law has provided a procedure for a claimant to seek administrative relief before resorting to judicial action. Williamson, 888 So.2d at 785. The exceptor bears the burden of proving prematurity. Id.
Southern Framers notes that only the provider, not the employer-payor, has a right to seek the administrative remedy provided in Louisiana Administrative Code Title 40, pt. I, § 5149. Specifically, should the health care provider determine that the amount paid for the services rendered was inadequate, Section 5149 | .provides the health care provider an administrative remedy. First, the health care provider can seek reconsideration from the carrier and, if unsatisfied, request the Office of Workers’ Compensation Administration, Medical Services Section, to resolve the dispute. See Louisiana Administrative Code Title 40, pt. I, § 5149.[1] Because it *1138 cannot avail itself of the administrative remedy in Section 5149, Southern Framers asserts that its action cannot be premature. As such, Southern | ¿Framers submits that the Hospital has failed to meet its burden to show that an administrative remedy exists.
Moreover, Southern Framers avers that no provision requires it to wait for the Hospital to exhaust its administrative remedies before Southern Framers can exercise its legal rights. Southern Framers relies on LSA-R.S. 23:1314, which governs prematurity in workers’ compensation cases, and provides in Subsection E(2):
Notwithstanding any other provision of this Section, the employer or payor shall be permitted to file a disputed claim against a person or entity other than an injured employee, his dependent, or beneficiary concerning any other dispute arising under this Chapter.
Because it has no right to seek an administrative remedy, Southern Framers contends that LSA-R.S. 23:1314E(2) allows it to seek relief from the OWC. Southern Framers concludes that the OWC erred by dismissing its petition as premature based on its alleged failure to exhaust administrative remedies.
In reviewing this matter, we recognize that Southern Framers as payor has no independent entitlement to seek administrative review. The Hospital, however, has such a right and has opted to exercise it. Accordingly, Southern Framers’ right to judicial review regarding payments is premature until exhaustion of the administrative procedure. The Hospital has invoked its right to utilize the required process to determine the adequacy of Southern Framer’s payment, and it would thwart the purpose of that process if Southern Framers could proceed with its action prior to completion of administrative review.[2] Also, resolution of the claims in the administrative proceedings could potentially resolve all pending issues between the parties, including Southern Framers’ claims. Therefore, we cannot conclude that the trial court erred in granting the Hospital’s exception raising the objection of prematurity.[3]
[^CONCLUSION
Based on the foregoing, the OWC’s July 30, 2015 judgment granting the Hospital’s exception raising the objection of prematurity is affirmed. Costs of this appeal are assessed to appellant, Southern Framers of Louisiana, LLC.
AFFIRMED.

. Louisiana Administrative Code title 40, pt. I, § 5149 provides, in pertinent part:
A.When, after examination of the EOMB, a health care provider is dissatisfied with a carrier’s payment of a bill for medical services, a reconsideration may be requested by the provider.
1. A provider must make a written request for reconsideration within 60 days from receipt of the EOMB, accompanied by a copy of the bill in question, the carrier’s EOMB and any supporting documentation to substantiate the medical necessity of the service and the diagnosis provided.
2. The carrier must process a reconsideration within 60 days of receipt.
a. The carrier must review and re-evaluate the original bill and accompanying documentation using its own medical consultant if necessary.
b. The carrier must notify the provider within 60 days of the results of the reconsideration, explain the reasori(s) for their decision and cite the specific policy upon which their final adjustment was made.
B. The provider may request the Office of Workers’ Compensation Administration, Medical Services Section, to resolve the dispute if the result of the carrier’s reconsideration remains unsatisfactory.
C. The Office of Workers’ Compensation Administration's Medical Services Section will resolve disputes between a provider and carrier which involve the interpretation of the reimbursement policies and allowable reimbursement contained in the applicable reimbursement manual.
1. A written request for the resolution of a disputed reimbursement claim must be submitted to the Office of Workers’ Compensation Administration within 60 days of the carrier’s reconsideration or 90 days from the provider’s requested date when no response-is received.
2. Valid request for reconsideration must include copies of the following:
a. Copies of the original and resubmitted bills.
b. EOMB’s including the specific reimbursement.
*1138 c. Supporting documentation and correspondence.
d. Specific information regarding contact with the carrier.
3. The dispute will be reviewed by the Office of Workers’ Compensation Administration, Medical Services Section, and both parties, the provider and the carrier, will be notified of the decision within 60 days after receipt of a valid request.
[[Image here]]

. Despite Southern Framers’ allegation that it may have overpaid the Hospital’s bill, Southern Framers determined the amount it deemed reasonable to be paid the Hospital for rendering health care services to Mr. Diaz and voluntarily paid that amount. Southern Framers has not paid or been ordered to pay any amount over what Southern Framers itself determined was owed.

. In light of our ruling, we pretermit discussion of the remaining exceptions raised by the Hospital in its answer to Southern Framer’s appeal.