McDonald, j.
LThis appeal involves an employer seeking review of an Office of Workers’ Compensation (OWC) judgment that granted a health care provider’s exception raising the objection of prematurity and an exception raising the objection of no cause of action. After a thorough review, we affirm the OWC judgment granting the objection of prematurity and pretermit discussion of the exception of no cause of action.
FACTS AND PROCEDURAL HISTORY
Michael J. Sliker, an employee of Nestle Holdings, was injured in the course and scope of his job, and on September 29, 2015, Mr. Sliker had outpatient umbilical hernia surgery at Lakeview Regional Medical Center (LRMC). On October 3, 2015,' LRMC sent a bill to Nestle Holdings for $70,707.27 for the procedure. By letter dated November 25, 2015, Sedgwick CMS, Inc. (the third party administrator for Nestle Holdings) sent payment of $7,540.87. to LRMC, along with a letter stating that “[n]ot having sufficient information to determine the reasonableness of the charges, the third party administrator has issued the enclosed payment representing its determination of a reasonable reimbursement for the services rendered by your facility. This payment represents the calculation of 90% of the average charges for this procedure by hospitals in this region.”
On December 23, 2015, Nestle Holdings filed a disputed claim for compensation with the OWC, controverting the bill from LRMC. Nestle Holdings requested itemization for LRMC’s charges and invoices for all supplies, and further demanded reimbursement for overpayment of its bill.
LRMC answered the claim, denying the allegations, and specifically denying that plaintiff overpaid the medical bill for Mr. Sliker and was entitled to any reimbursement. LRMC also filed exceptions raising the objections of no cause of action and prematurity. LRMC maintained that the claim failed to state a valid | ¡¡cause of action because the law did not extend a remedy to recover medical payments already made to a workers’ compensation payor under the factual allegations of the claim. LRMC also maintained that the matter was not ripe for judicial review because defendant had not filed suit for 90 percent outpatient reimbursement pursuant to Louisiana Administrative Code Title 40, pt. I, § 2507,[1] and had not made an issue regarding the insufficiency of plaintiffs payment.
The matter proceeded to a hearing before the OWC on June 24, 2016, and afterward the OWC took the matter under advisement. Thereafter, the OWC ruled in favor of LRMC and against Nestle Holdings, granting LRMC’s exceptions raising *369 the objections of prematurity and no cause of action, and dismissing the claim. Judgment was signed on August 25, 2016. Nestle Holdings appealed that judgment.
Nestle Holdings makes the following assignments of error.
1. The [Louisiana Workers’ Compensation Act] LWCA requires that the medical charges providers submit to employers be “reasonable,” which this court has defined as “what is customary in a community for similar operations involving similar preoperative and post-operative procedures and complications.” When a dispute arises between a provider and payor regarding medical charges, including the reasonableness of those charges, the LWCA gives either party the right to file a petition with the OWC to have the dispute resolved. The court below, therefore, erred as a matter of law by finding that [Nestle Holdings’] petition did not state a cause of action when it expressly challenged the reasonableness of [LRMC’s] charges.
2. The LWCA permits a payor to file a petition against any party, other than an injured employee, for any dispute arising out of the Act. [Nestle Holdings] filed a petition against LRMC challenging the reasonableness of the charges it submitted for payment. The court below, therefore, erred by finding that [Nestle Holdings’] petition was premature.
RTHE REVISED STATUTES
Louisiana Revised Statutes 23:1314 provides:
A.The presentation and filing of the petition under R.S. 23:1310.3 shall be premature unless it is alleged in the petition that:
(1) The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which the petitioner is entitled under this Chapter; or
(2) The employee has not been furnished the proper medical attention, or the employer or insurer has not paid for medical attention furnished; or
(3) The employee has not been furnished copies of the reports of examination made by the employer’s medical practitioners after written request therefor has been made under this Chapter; or
(4) The employer or insurer has not paid penalties or attorney’s fees to which the employee or his dependent is entitled.
B. The petition shall be dismissed when the allegations in Subsection (A) of this Section are denied by the employer and are shown at a time fixed by the workers’ compensation judge to be without reasonable cause or foundation in fact.
C. The workers’ compensation judge shall determine whether the petition is premature and must be dismissed before proceeding with the hearing of the other issues involved with the claim.
D. Disputes over medical treatment pursuant to the medical treatment schedule shall be premature unless a decision of the medical director has been obtained in accordance with R.S. 23:1203.1(J).
E. (1) Notwithstanding any other provision of this Section, the employer or payor shall be permitted to file a disputed claim against an employee, his dependent, or beneficiary only when the employer or payor alleges the employee, *370 ' his dependent, or beneficiary has committed fraud as provided in R.S. 23:1208 which caused the employer or payor to pay a benefit which was not due- to the employee, his dependent, or beneficiary; or when the employer or payor is an .aggrieved party appealing a decision of the medical director pursuant to R.S. 23:1208.1®.
(2) Notwithstanding any other provision of this Section, the employer or payor shall be permitted to file a disputed claim against a person or entity other than an injured employee, his dependent, or beneficiary concerning any other dispute arising under this Chapter.
^DISCUSSION
ASSIGNMENT OP ERROR NO. 2—PREMATURITY
The manifest error standard of review applies to a judgment sustaining a dilatory exception of prematurity. Pinegar v. Harris, 2008-1112 (La. App. 1 Cir. 6/12/09), 20 So.3d 1081, 1087-88; Tresch v. Kilgore, 2003-0035 (La. App. 1 Cir. 11/7/03), 868 So.2d 91, 95-96.
Louisiana Code of Civil Procedure article 926(A)(1) provides for the dilatory exception raising the objection of prematurity. The exception raising the objection-of prematurity may be utilized in cases where the applicable law or contract has provided a procedure for a claimant to seek- administrative relief before resorting to judicial action. In the dilatory exception raising the objection of prematurity, the exceptor bears the initial burden of showing that an administrative remedy or procedure applies, by reason of which the lawsuit is premature. Once the existence of an administrative remedy is established, the burden then shifts to the plaintiff to show that the specific administrative remedy or procedure has been exhausted. Dutrey v. Plaquemine Manor Nursing Home, 2012-1295 (La. App. 1 Cir. 6/17/13), 205 So.3d 934, 941.
The issue of prematurity raised in this case has been addressed by this court in the case of Southern Framers of LA, LLC v. Doctors Hospital of Slidell, 2015-1878 (La. App. 1 Cir. 8/31/16), 202 So.3d 1135. In that case, an employee of Southern Framers was injured in the course and scope of his employment and thereafter had outpatient rotator cuff surgery at Doctor’s Hospital of Slidell. Doctor’s Hospital submitted a bill to Southern Framers’ third-party administrator for $33,133.41. The third-party administrator remitted $8,887.80 to Doctor’s Hospital with a statement that the amount represented a reasonable reimbursement for the services. In accordance with Louisiana Administrative Code Title 40, pt. I, |fi§ 5149,[2] Doctor’s *371 Hospital filed for administrative review of the alleged underpayment. Instead of responding in the administrative review filed by Doctor’s Hospital, Southern Framers and the third-party administrator collectively filed a disputed claim for compensation directly with the OWC, alleging that the unpaid portion of the bill was unreasonable, and demanding reimbursement for overpayment of the bill in the payment already made. In response, Doctor’s Hospital filed an answer to the disputed claim for compensation, along with exceptions raising the objections of prematurity, nonconformity of the petition, vagueness or ambiguity, no cause of action, and no right of action. Southern Framers, 202 So.3d at 1136.
After a hearing, the workers’ compensation judge ruled that the action was premature, and that the other exceptions were moot. Southern Framers appealed |7that decision, and on appeal this court affirmed the OWC. Southern Framers, 202 So.3d at 1136-37. This court found:
In reviewing this matter, we recognize that Southern Framers as payor has no independent entitlement to seek administrative review. The Hospital, however, has such a right and has opted to exercise it. Accordingly, Southern Framers’ right to judicial review regarding payments is premature until exhaustion of the administrative procedure. The Hospital has invoked its right to utilize the required process to determine the adequacy of Southern Framer’s payment, and it would thwart the purpose of that process if Southern Framers could proceed with its action prior to completion of administrative review. Also, resolution of the claims in the administrative proceedings could potentially resolve all pending issues between the parties, including Southern Framers’ claims. Therefore, we cannot conclude that the trial court erred in granting the Hospital’s exception raising the objection of prematurity.
Southern Framers of Louisiana, LLC, 202 So.3d at 1138 (footnotes omitted).
As explained by this court in Southern Framers, the payor, in this case Nestle Holdings, has no independent entitlement to seek administrative review. LRMC has a right to seek administrative review, which it has not exercised. Thus, we find no manifest error in the OWC judgment granting LRMC’s exception raising the objection of prematurity.[3]
For the foregoing reasons, the OWC’s August 26, 2016 judgment granting LRMC’s exception raising the objection of prematurity is affirmed. Costs are assessed against Nestle Holdings.
AFFIRMED.
Pettigrew, J. Dissents and assigns, reasons.

. The Louisiana Administrative Code Title 40, pt. I, § 2507 provides in part:
A. Outpatient hospital and ambulatory surgery services will be reimbursed at covered charges less a 10 percent discount.
The formula for calculating payment amount is:
(Billed Charges) - (Noncovered Charges) = Covered Charges x .90 = Payment Amount

. The Louisiana Administrative Code, Title 40, pt. I, § 5149 provides in part:
A. When, after examination of the EOMB, a health care provider is dissatisfied with a carrier's payment of a bill for medical services, a reconsideration may be requested by the provider.
1. A provider must make a written request for reconsideration within 60 days from receipt of the EOMB, accompanied by a copy of the bill in question, the carrier's EOMB and any supporting documentation to substantiate the medical necessity of the service and the diagnosis provided.
2, The carrier must* process a reconsideration within 60 days of receipt.
a. The carrier must review and re-evaluate the original bill and accompanying documentation using its own medical consultant if necessary.
b. The carrier must notify the provider • within 60 days of the- results of the reconsideration, explain the reason(s) for their decision and cite the specific policy upon which their final adjustment was made.
B, The provider may request the Office of Workers' Compensation Administration, *371 Medical Services Section, to resolve the dispute if the result of the carrier’s reconsideration remains unsatisfactory.
C. The Office of Workers’ Compensation Administration’s Medical Services Section will resolve disputes between a provider and carrier which involve the interpretation of the reimbursement policies and allowable reimbursement contained in the applicable reimbursement manual.
1. A written request for the resolution of a disputed reimbursement claim must be submitted to the Office of Workers’ Compensation Administration within 60 days of the carrier's reconsideration or 90 days from the provider’s requested date when no response is received.

. Based on this finding, we pretermit discussion of the OWC’s granting of LRMC’s exception raising the objection of no cause of action.